UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROMERO D. ELLISON,

                Plaintiff,

v.                                             Case No. 25-cv-134-pp

SHIRLEY Y. GODIWALLA, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Romero D. Ellison, who is incarcerated at the Fox Lake Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On February 3, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $4.66. Dkt. No. 5. The court received that fee on February 28, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

   A.     <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v.</u>

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The plaintiff has sued Dr. Shirley Godiwalla, Tricia Weisnicht and Jane Does 1-4. Dkt. No. 1 at 1. He alleges that in May 2024, he was diagnosed with carpal tunnel syndrome and scheduled to see Godiwalla in the health services unit (HSU). Id. at 2. On June 13, 2024, Godiwalla allegedly injected into the plaintiff's left wrist a medication called Kenalog. Id. The plaintiff says that Godiwalla told him that Kenalog should not be injected directly into the plaintiff's nerves, or he would feel pain immediately. Id. When the injection started, the plaintiff allegedly felt pain immediately and Godiwalla then

3

withdrew the needle by an inch or two and injected the rest of the Kenalog into the plaintiff's left wrist. Id. at 2-3.

The plaintiff states that after the injection, he lost full mobility from his left thumb to his wrist and had extreme pain. Id. at 3. He says that he complained to the sergeant, who told him to write to the HSU. Id. The plaintiff states that he had an "update" with Godiwalla, who prescribed him Ibuprofen and Tylenol and placed him in a six-week physical therapy session. Id.

The plaintiff alleges that on July 7, 2024, he again wrote and complained about suffering from constant pain. Id. He allegedly was scheduled to see a nurse "only to be told [he] was scheduled to see [his] provider (Dr. Godiwalla)." Id.

On August 16, 2024, the plaintiff allegedly finished physical therapy and had an appointment with Jane Doe #1 in the HSU. Id. The plaintiff states that in response to his complaints about pain, Jane Doe #1 said that he was scheduled to see a neurologist off-site. Id.

The plaintiff states that on September 8, 2024, Jane Doe #2 saw him in the HSU and he complained that he suffered from extreme pain. Id. Jane Doe #2 allegedly told the plaintiff that there wasn't much they could do, and that he would have to wait to go "off grounds" for medical help. Id. at 3-4.

The plaintiff alleges that on October 16, 2024, he received correspondence from defendant Weisnicht, the HSU manager, who "addressed the fact that she knew about the injury, the physical therapy, x-rays, the EMG and NCS but failed to address or acknowledge the extreme pain that [he] h[ad]

4

been going through." Id. He says that he begged her for help with his injury but received no response. Id.

On October 19, 2024, Jane Doe #3 allegedly saw the plaintiff in the HSU. Id. The plaintiff states that he complained that his prescribed medication did not help his pain. Id. at 4. The plaintiff states that Jane Doe #3 told him that he would be scheduled to see Dr. Godiwalla and that they could not do much to relieve the pain. Id.

The plaintiff alleges that on November 12, 2024, Jane Doe #4 saw him in the HSU, and he again complained about the constant pain he was in from being injected with Kenalog. Id. Jane Doe #4 allegedly told the plaintiff that his off-site appointment had not yet been scheduled and that when HSU scheduled the appointment, they would not be able to give a date, but it would be scheduled. Id.

The plaintiff states that he has been in extreme pain since June 2024, and that the defendants have been deliberately indifferent to his extreme pain and injury. Id. He seeks injunctive relief, declaratory relief and monetary damages. Id. at 5.

C. Analysis

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. Cesal v. Moats, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). To state a claim for deliberate indifference for deficient medical care,

5

the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Cesal, 851 F.3d at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. Id. (citing Farmer v. Brennan, 511 U.S. 825, 836-38 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)). A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an incarcerated individual's pain. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) (citing Estelle, 429 U.S. at 104-05).

The plaintiff alleges that he suffered severe pain after Godiwalla injected Kenalog in his wrist on June 13, 2024 to treat his carpal tunnel syndrome. He states that the severe pain persisted despite Godiwalla prescribing him pain medication (Tylenol and Ibuprofen) and placing him in a six-week physical therapy session in July 2024. This treatment allegedly did not help the plaintiff's pain, and the defendants allegedly disregarded his ongoing, extreme pain. The court assumes that the plaintiff's pain constitutes a serious medical need, which is the Eighth Amendment's objective standard. See McGowan, 612 F.3d at 640-41. Construed liberally, the plaintiff's allegations that he

6

complained to the defendants that he suffered ongoing severe pain and that the treatment he received did not help satisfy the Eighth Amendment's subjective standard. See Riley v. Waterman, 126 F.4th 1287, 1295–96 (7th Cir. 2025) ("Persisting with an ineffective course of treatment [] can constitute deliberate indifference.") (citing Greeno, 414 F.3d at 654–55).

The court will allow the plaintiff to proceed on Eighth Amendment claims against the defendants in their individual capacities. After the court issues a scheduling order, the plaintiff will need to use discovery to identify the Doe defendants.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Shirley Y. Godiwalla and Tricia Weisnicht. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$345.34** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the

7

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Fox Lake Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 5th day of June, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**

9

Case 2:25-cv-00134-PP   Filed 06/05/25   Page 9 of 9   Document 9